**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Russell Foote,<br><br>          Plaintiff,<br><br>v.<br><br>Stephanie Cook,<br><br>          Defendant. | No. CV-20-02250-PHX-MTM<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (doc. 5), filed November 23, 2020. Defendant seeks dismissal of this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting this Court lacks jurisdiction to hear Plaintiff's claim. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (*See* docs. 8, 11). For the reasons provided below, the Court concludes Plaintiff has failed to establish this Court has jurisdiction to hear Plaintiff's claim. Accordingly, Defendant's motion is granted, and Plaintiff's Complaint (doc. 1-3, Ex. 1 at 6) is dismissed with leave to amend.

**I.     Background.**

This action was initially filed in the West Mesa Justice Court on approximately October 5, 2020. (Doc. 1-3, Ex. 1 at 3). Plaintiff alleged in state court that on October 2, 2020 Defendant, Plaintiff's supervisor at the United States Postal Service ("USPS"), "ran her fingernails down my back" during the workday. (*Id*. at 6). Plaintiff further alleged that he notified Postal Inspectors about what happened, and that a USPS Postal Inspector

remained with Plaintiff for the rest of the workday. Plaintiff obtained an Injunction Against Harassment against Defendant in the state proceeding that required Defendant have no contact with Plaintiff except through the legal process. (*Id*. at 2).

On November 20, 2020, Defendant removed[1] the state court action to federal court pursuant to 28 U.S.C. § 1442(a)(1), because it is a civil action against a federal employee that alleges an act conducted in the scope of Defendant's federal employment. (Doc. 1 at 2). On November 23, 2020, Defendant filed a Motion to Dismiss (doc. 5) under Fed. R. Civ. P. 12(b)(1). The motion argues that Plaintiff's action, whether construed as a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") or under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"), should be dismissed for lack of jurisdiction. Specifically, Defendant argues that the Court lacks jurisdiction to hear an FTCA claim because Plaintiff did not exhaust administrative remedies within USPS before filing this action. (Doc. 5 at 5-6, citing *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984)). Additionally, Defendant argues that the Court lacks jurisdiction to hear the claim as a Title VII action because Plaintiff failed to pursue remedies at the Equal Employment Opportunity Commission ("EEOC") before proceeding to federal court. (Doc. 5 at 3-4, citing *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).

Plaintiff received notice required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) informing Plaintiff of the need to respond to the government's motion, but Plaintiff did not file a response.

**II.     Principles of Law.**

A complaint survives a Rule 12(b)(6) motion only when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires factual content that permits the court to draw a reasonable inference that the defendant is responsible for the misconduct alleged by the

---

[1] Although 28 U.S.C. § 1446(b)(1) requires a notice of removal to be filed within thirty (30) days, the clock begins to run only when the state court complaint or a legally sufficient court summons is served on the defendant. Because Plaintiff never served the Complaint on Defendant in the manner prescribed by Ariz. R. Civ. P. 4.1(h)(4) and Fed. R. Civ. P. 4(i), the time limit for removal did not begin to run, and removal to this Court is timely.

plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A party challenging the Court's jurisdiction under Rule 12(b)(1) may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *American Video Duplicating, Inc. v. Royal Bank of Canada*, No. CV 20-4036-JFW (JPRx), 2020 WL 6882734 at *2 (C.D. Cal. Nov. 20, 2020), citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As Defendant does not introduce any additional evidence as part of the motion to dismiss, Defendant's challenge is a facial attack on the sufficiency of the pleadings. *American Video Duplicating*, 2020 WL 6882734 at *2. When considering a facial attack on the complaint under Rule 12(b)(1), the Court assumes all of the factual allegations in the complaint are true. *Id.*, citing *Wolf v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Moreover, as Plaintiff is proceeding pro se, the allegations in Plaintiff's Complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    Analysis.**

The Court grants the motion to dismiss. Plaintiff bears the burden of proving subject-matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. … It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (internal citations omitted).

**A.    FTCA Claim.**

Plaintiff's claim is barred by sovereign immunity. Suits alleging tortious conduct by federal employees are governed by the FTCA. However, the FTCA did not abrogate the government's sovereign immunity completely; the FTCA does not apply to claims "arising out of assault, battery" or a variety of other common law torts not applicable to this action.

28 U.S.C. § 2680(h); *Levin v. United States*, 568 U.S. 503, 506-07 (2013).

Plaintiff's allegation falls into the category of suits against the government barred by sovereign immunity. The claim asserted by Plaintiff is that Defendant "came up behind me and ran her fingernails down my back." (Doc. 1-3, Ex. 1 at 6). Under Arizona law, the tort of battery is defined as "an intentional act by one person that results in harmful or offensive contact with the person of another." *Rice v. Brakel*, 310 P.3d 16, 19 (Ariz. Ct. App. 2013).[2] The Complaint plainly describes an intentional act: the running of Defendant's fingernails down Plaintiff's back. Therefore, the Complaint falls into one of the categories of suits the government has not waived its sovereign immunity for. Plaintiff's Complaint must therefore be dismissed.

**B.    Title VII Claim.**

The Motion to Dismiss alternatively casts Plaintiff's claim as a claim of workplace harassment under Title VII. Construing Plaintiff's Complaint as a Title VII hostile work environment claim is of no help to Plaintiff, because the Complaint does not establish either that Plaintiff sought to exhaust administrative remedies at the EEOC before pursuing this action, or that the elements of a hostile work environment claim are sufficiently alleged to state a claim for relief. *See Day v. LSI Corp.*, 174 F. Supp. 3d 1130 (D. Ariz. 2016).

Although the Court is required to construe pro se filings liberally, it cannot supply essential elements of the claim that Plaintiff did not initially plead. *Pinson v. Dukett*, No. CV-19-00422-TUC-RM, 2020 WL 1984026 at *4 (D. Ariz. Apr. 27, 2020), citing *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Under Title VII, a plaintiff states a claim for a hostile work environment when the plaintiff alleges "(1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Day*, 174 F. Supp. 3d at 1164.

---

[2] Because the Complaint alleges that Defendant actually made contact with Plaintiff, rather than merely placed Plaintiff in "imminent apprehension of the contact," *Garcia v. United States*, 826 F.2d 806, 809 n.9 (9th Cir. 1987), the Complaint is best characterized as alleging a tort for battery, not assault.

- 4 -

Construing Plaintiff's Complaint liberally, the Court could conclude that, by stating that Defendant "came up behind me and ran her fingernails down my back," Plaintiff pleaded facts sufficient to satisfy the first two elements of a hostile work environment claim. However, Plaintiff's Complaint does not plead facts sufficient to satisfy the third element of a Title VII hostile workplace claim. Accordingly, even setting aside the question of whether Plaintiff properly exhausted remedies at the EEOC before proceeding to court, Plaintiff has not stated a claim for relief under Title VII either.

### IV. Conclusion.

Because Defendant argues dismissal on the basis of sovereign immunity under the FTCA and failure to satisfy Title VII's jurisdictional requirements, the Complaint is dismissed under Rule 12(b)(1). *See Alaska Logistics, LLC v. Newtok Village Council*, 357 F. Supp. 3d 916, 923 (D. Alaska. 2019). Plaintiff's claim, insofar as it is a common law tort claim, is barred by sovereign immunity, and therefore cannot be revived in this Court. Because Plaintiff's Complaint also does not state a claim for a hostile work environment or establish that Plaintiff's administrative remedies were exhausted before filing suit, the Complaint must be dismissed for lack of jurisdiction.

Accordingly, the Court grants Defendant's motion to dismiss. But, because the Court concludes it is not impossible for Plaintiff to plead facts sufficient to invoke this Court's jurisdiction under Title VII, Plaintiff shall have thirty (30) days to file an amended complaint that addresses the deficiencies described in Section III of this Order. If Plaintiff fails to file an amended complaint before **February 22, 2021**, the Court will dismiss this action with prejudice, and the Clerk of Court will be directed to enter judgment accordingly.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (doc. 5) is **granted**. Plaintiff's Complaint (doc. 1-3, Ex. 1 at 6) is **dismissed without prejudice**.

(2) Plaintiff shall, no later than **February 22, 2021**, file an Amended Complaint that addresses the deficiencies identified in this Order.

1    (3) Should Plaintiff fail to file an Amended Complaint within the timeframe specified, or if the Amended Complaint fails to address the deficiencies identified in this Order, the Court shall dismiss the action with prejudice, and the Clerk of Court shall enter judgment accordingly and close this case without further notice to Plaintiff.

Dated this 21st day of January, 2021.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge